UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICIA HESTER,<br><br>    Plaintiff,<br><br> v.<br><br>DOLLAR TREE STORES INC,<br><br>    Defendant. | Case No. 3:25-cv-05745-TMC<br><br>ORDER TO SHOW CAUSE |

  This matter comes before the Court upon reviewing Plaintiff Patricia Hester's Complaint and the Notice of Removal filed by Defendant Dollar Tree Stores Inc ("Dollar Tree"). Dkt. 1; Dkt. 1-1. The case was assigned to this Court on August 26, 2025. Dkt. 3. The Court issues this Order on its own accord after reviewing the Complaint. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (The Court has "an independent obligation to determine whether subject-matter jurisdiction exists.").

  This is a Court of limited jurisdiction. For a legal action to proceed, the Court must have subject matter jurisdiction over the action. In their Notice of Removal, Dollar Tree asserts that the Court has subject matter jurisdiction over this action based on "diversity of citizenship pursuant to 28 U.S.C. § 1332." Dkt. 1 at 2. For there to be diversity jurisdiction (which would

ORDER TO SHOW CAUSE - 1

provide the Court with subject matter jurisdiction), the amount in dispute must exceed $75,000 and the parties must be citizens of different states. *See* 28 U.S.C. § 1332(a).

The current filings do not provide an adequate basis for diversity jurisdiction. There must be complete diversity of citizenship between the opposing parties. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). Local Civil Rule 8 requires that if the plaintiff is asserting that this Court has jurisdiction based on diversity, "the complaint must identify the citizenship of the parties[.]" LCR 8(a).

In their Notice of Removal, Dollar Tree alleges that Plaintiff is a resident of Florida. Dkt. 1 at 2 ("The Complaint alleges that Plaintiff is a resident of Florida."). "But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A natural person's citizenship is "determined by her state of domicile, not her state of residence." *Id.* "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

As the party asserting diversity jurisdiction, Dollar Tree bears the burden of proof. *Id.* at 857–58. Neither the Notice of Removal, nor the operative Complaint cited to by Dollar Tree contains sufficient allegations to sustain Dollar Tree's burden to establish diversity jurisdiction to remove to this Court. In its response to this Order, Dollar Tree must address whether it can cure this defect by providing evidence to sufficiently allege Patricia Hester's citizenship. *See id*; 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Accordingly, the Court ORDERS Dollar Tree to respond within 14 days and show cause why this Court has subject matter jurisdiction over this case.

ORDER TO SHOW CAUSE - 2

Dated this 28th day of August, 2025.

                                           *[signature]*

                                       Tiffany M. Cartwright
                                       United States District Judge